CORNELIUS W. LUYSTER, Respondent, v. FREDERICK JOSEPH, Appellant.

VENDOR AND PURCHASER — AGREEMENT THAT PURCHASER SHOULD RETAIN TAXES, PENDING AN APPEAL FROM A DECISION OF THE APPELLATE DIVISION AND REFUND SAME IF DECISION BE AFFIRMED BY COURT OF APPEALS. Where an agreement was made between parties who had entered into a contract of sale of real estate that the purchaser might deduct from the purchase price the amount of the annual taxes levied upon the property, but for which collection warrants had not been issued, and retain the same unless the Court of Appeals should affirm a recent decision of the Appellate Division, made in an action between other parties, holding that such taxes do not become a lien upon real estate until warrants are issued for their collection, in which event the purchaser would pay to the vendor the amount so deducted with interest thereon, and the purchaser retained such amount until after the time had expired in which an appeal might be taken from such decision to the Court of Appeals, whereupon the vendor, when he ascertained that no appeal had been taken, demanded payment by the purchaser of the amount retained for taxes, which was refused, the vendor may maintain an action against the purchaser for the specific performance of the contract to compel the payment of the balance due of consideration money, based upon the theory that the vendor was not liable to pay such taxes, since it was competent for the parties to make such agreement, and as no appeal was taken to the Court of Appeals they must abide by the law as laid down by the Appellate Division without regard to its binding authority.

*Luyster* v. *Joseph,* 86 App. Div. 626, affirmed.

(Argued June 8, 1904; decided June 17, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 16, 1903, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far· as material, are stated in the opinion.

*Alfred A. Cook* and *Leopold Wallach* for appellant. Specific performance will never be enforced when it will produce results not within the intent of the parties ,in the absence of *laches* or inattention on the part of the party resisting the performance in not foreseeing and providing against those results. (*Schmidt* v. *Livingston*, 3 Edw. Ch. 213 ; *Gotthelf* v. *Stranahan*, 138 N. Y. 345; *Finkel* v. *Kohn*, 38 App. Div. 199.) To compel specific performance would produce a result not within the intent of the parties when the bargain was made, there being neither *laches* nor inattention in not foreseeing or providing against such result. Not only does the plaintiff fail to show that specific performance would be just and equitable, but it appears affirmatively that it would work injustice and it should, therefore,· be refused. (*Margraf* v. *Muir*, 57 N. Y. 155; *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311 ; *Moubray* v. *Moubray*, 3 App. Div. 227; *B. L. Co.* v. *Bellevue. Co.*, 32 App. Div. 540.)

*Walter S. Newhouse* for respondent. The plaintiff's claim is an equitable one, and the court properly granted him the relief sought. (Pom. Eq. Juris. 540 ; *Gotthelf* v. *Stranahan*, 138 N. Y. 345.)

*Per Curiam.* This record presents a novel situation. The plaintiff seeks in this action as a vendor to compel the specific performance of a contract for the sale of No. 47 West 86th street, in the city of New York, to the defendant. The contract bears date the 20th day of August, 1900, and the consideration expressed therein is $57,500. The plaintiff was thereby obligated to convey to the defendant on the 12th day of the following September the said premises free and clear of

all incumbrances, except a mortgage and certain restrictions against nuisances therein mentioned.

It became a matter of discussion at the time the contract was drawn, and on several other occasions between the date thereof and the law day, whether the taxes for the year 1900 were a lien upon the property. As the law day approached it was stated by the plaintiff that as the Appellate Division in *Burr* v. *Palmer* (53 App. Div. 358) had decided at the July term, 1900, that the taxes did not become a lien upon real estate until warrants were duly issued for the collection thereof, and as warrants would not be issued before the law day, September 14th, 1900, he was not liable to pay the taxes for that year. On the other hand, the defendant insisted that as the ordinance levying the taxes for 1900 was passed by the municipal assembly on the 15th day of August, and was approved by the mayor on the 25th day of August, that the taxes were confirmed as of that time, and, consequently, were a lien on the day for passing title.

It was in this situation, when each party was insisting that the other was liable to pay these taxes, which amounted to $786.69, that they undertook to adjust their differences by agreement.

On the 12th of September, 1900, the plaintiff addressed a letter to the counsel for defendant, containing, among other things, this proposition : " As the decision is against Mr. Joseph, have him pay the taxes when due and I will sign an agreement to refund the money if the decision is reversed." The decision referred to was the case of *Burr* v. *Palmer* (*supra*).

On the next day, September 13th, the defendant's counsel answered this letter, in which he said, among other things : " I beg to acknowledge receipt of your esteemed favor of yesterday's date, telling me that you think Mr. Joseph should pay the taxes and that you would sign an agreement to refund the money if the decision of the second department is reversed. * * * I would suggest as the most expedient way to adjust the matter to allow Mr. Joseph to deduct the amount of the taxes from the purchase price, and Mr. Joseph,

who you know is amply responsible, will give a bond, and if the Court of Appeals decides that the taxes are not liens after they have been confirmed, but something else later must take effect, we will pay the amount deducted from the purchase price with interest thereon at the legal rate."

On the same day the plaintiff answered this letter as follows : " Replying to your favor of to-day, in reference to the payment of taxes on No. 47 West 86th street, I would say that the way you propose is satisfactory to me. I will be on hand to-morrow to pass title."

Thereafter the title was closed in accordance with this agreement, the amount of taxes being allowed to remain in the hands of the defendant.

It appears that the warrants for the collection of taxes for the year 1900 were not issued until after this title was closed.

It is alleged in the complaint that the plaintiff allowed the amount due for taxes to remain in defendant's hands for about eighteen months, and in the interval it was ascertained that no appeal was taken to the Court of Appeals in said case of *Burr* v. *Palmer* (*supra*), and that the time to take such appeal had expired. Thereupon the plaintiff demanded payment by the defendant of said amount retained for taxes, which was refused, and this action was instituted for the specific performance of the contract to compel the payment of the balance due of consideration money, based on the theory that plaintiff was not liable to pay the said taxes.

It was stipulated on the trial of this action that no appeal was taken to the Court of Appeals from the judgment in *Burr* v. *Palmer* (*supra*), and that the time within which such appeal should have been taken had expired.

We are of opinion that it was competent for the parties to adjust their differences as they did, and as no appeal was taken to the Court of Appeals, or is now possible, in the case of *Burr* v. *Palmer* (*supra*) they must abide by the law of that case as laid down by the Appellate Division of the second department without regard to its binding authority.

We express no opinion as to the point of law involved, as

the question is not before us and has not been argued or dealt with in the briefs.

The judgment appealed from should be affirmed, with costs.

CULLEN, J. (dissenting).    I dissent from the decision about to be made, on the ground that the construction given by the court to the agreement between the parties for the settlement of their dispute is not only repudiated by the respondent himself, but is not justified by the correspondence in which the alleged agreement is found.    To show the exact point decided it is not only necessary to state the nature of the controversy with some detail, but also to give the correspondence referred to in full, a labor that is only justified by a desire to impress upon members of the profession the necessity in closing titles to make their stipulations, with regard to matters left open, full, clear and plain, so as to prevent the danger of misconstruction, though frankly I should have thought the one before us was of that character.

On August 20th, 1900, the plaintiff entered into a written contract with the defendant, whereby he agreed to sell and the latter agreed to buy certain premises in the city of New York for a specified sum, the deed to be given on the 12th day of September, which deed was to contain a warranty against all incumbrances except a certain mortgage, the interest on which and the rent of the premises to be adjusted and apportioned as of said last-named day.    The tax levy for the year was confirmed by the municipal assembly and the resolution approved on August 25th, but the assessment rolls and warrants were not delivered to the receiver of taxes until September 19th.    When the title came to be closed a dispute arose between the parties as to who was liable for those taxes. The defendant insisted that the taxes became a lien on the premises the date of confirmation, while the plaintiff contended that under a decision of the Appellate Division of the second department in *Burr* v. *Palmer* (53 App. Div. 358), then very recently made, taxes did not become a lien until the warrant for their collection was delivered to the receiver of taxes.

Both parties being desirous of carrying out the sale, the plaintiff gave a deed for the premises and received the purchase money except the sum of $786.69, which was retained by the purchaser under an arrangement or agreement which is evidenced *solely* by the following letters:

"New York, *Sept.* 15, 1900.

" Cornelius W. Luyster, Esq.,

"35 Nassau St., City :

" Dear Sir.— In view of my contention that the taxes for 1900 on premises No. 47 West 86th Street are at the date hereof a lien, charge or encumbrance against same, and of your contention that the taxes are not a lien at the date hereof, I will agree that if the Court of Appeals should hold that the taxes are not a lien, charge or encumbrance against the real estate upon which they are levied after the date of due confirmation, but are only a lien, charge or encumbrance when the warrants for their collection are delivered to the Receiver of Taxes, to pay you Seven hundred and eighty-six 69/100 Dollars. Of course, if it should be ascertained that the warrant for the collection of taxes for the year 1900 shall have issued to the Receiver of Taxes of the City of New York at the date hereof, then there shall be no obligation on my part to make any payment to you.

"Yours very truly,
"FREDERICK JOSEPH.

"*September* 12, 1900.

" Alfred A. Cook, Esq. :

"33 Wall Street:

" Dear Sir.— Mr. Newhouse will not be in town to-day and therefore we would be unable to consult him in regard to the agreement for paying taxes on No. 47 West 86th Street. My idea of the matter is this :

" As the decision is against Mr. Joseph, have him pay the taxes when due and I will sign an agreement to refund the money if the decision is reversed.

"Yours very truly,  -
"C. W. LUYSTER.

"New York, *Sept.* 13, 1900.
" C. W. Luyster, Esq.,
          " 35 Nassau St., City :

·  " My Dear Mr. Luyster.— I beg to acknowledge receipt of your esteemed favor of yesterday's date, telling me that you think Mr. Joseph should pay the taxes and that you would sign an agreement to refund the money if the decision of the Second Department is reversed.

" I do not think that adjustment at all correct.  The uniform practice heretofore, without an exception, has been to regard the tax as a lien just as soon as the taxes have been confirmed.  When the contract was made the taxes had already been confirmed.  Both the Lawyers' Title Company and the Title Guarantee & Trust Company insist that the decision of the Second Department is absolutely incorrect and their advisory boards have insisted that the taxes of 1900 are encumbrances on property after the date of confirmation.  On my search they returned to me the tax as an encumbrance.

" You must also take into consideration the fact that these taxes are for taxes accruing prior in time to the date when the contract was made and that Mr. Joseph must pay taxes from the time he became the owner.

" I would suggest, as the most expedient way to adjust the matter, to allow Mr. Joseph to deduct the amount of the taxes from the purchase price, and Mr. Joseph who you know is amply responsible will give a bond and if the Court of Appeals decides that taxes are not liens after they have been confirmed, but something 'else later must take effect, that he will pay the amount deducted from the purchase-price with interest thereon at the legal rate.          " Yours very truly,
                    " ALFRED A. COOK.

" New York, *Sept.* 13*th*, 1900.
" Alfred A. Cook, Esq.,
          " 33 Wall Street :

" Dear Sir.— Replying to your favor of to-day in reference to the payment of taxes on No. 47 West 86th Street, I

would say that the way you propose is satisfactory to me. I will be on hand to-morrow to pass title.

"Very sincerely yours,

"C. W. LUYSTER."

The case of *Burr* v. *Palmer* was never appealed to this court. The plaintiff, after discovering that fact and that the time in which an appeal could.be taken had passed, brought this action for the remainder of the purchase money, asking judgment that the contract of sale be enforced in all its terms and that the defendant pay the plaintiff the sum retained by the former. The action was tried before the court without a jury, which rendered judgment for the plaintiff, holding that the taxes for 1900 had not become a lien at the time of the delivery of the deed, and that under the contract of sale plaintiff was entitled to recover the remainder of the purchase money. The judgment has been affirmed by the Appellate Division by a divided court.

· The decision about to be made is that by the correspondence quoted the defendant agreed to pay the plaintiff the retained sum, unless the decision in *Burr* v. *Palmer* was reversed by this court; and that since it was impossible that that judgment should be reversed, because no appeal had been taken therefrom, the defendant became absolutely liable for the sum retained by him, regardless of the question whether, as a matter of law, the taxes for which the moneys were retained were or were not a lien prior to the delivery of the deed. It may be suggested in the first instance, in answer to the proposition thus formulated, that the plaintiff has not sued on any agreement made at the closing of the title, but on the original contract of sale, and it is on that contract that he has recovered judgment, "Adjudged that the terms of the contract of sale of the premises 47 West Eighty-sixth street, N. Y. City, entered into on the 20th day of August, 1900, between this plaintiff and this defendant, be enforced in favor of the plaintiff against the defendant, and that the defendant pay to the plaintiff the sum of $899.19, with $107.85 costs, amount-

ing in all to the sum of $1,007.04, and that the plaintiff have judgment therefor, and that he have execution on said judgment." It is but fair to the plaintiff to say that he still adheres to his original position and he makes as his first point in this court " The terms of the contract of sale are conclusive and binding upon the parties ; " and as his second " The so-called agreement in which the defendant promises to pay to the plaintiff the amount of the tax, in the event of the Court of Appeals deciding when taxes upon real estate do or do not become a lien, in no wise affects or modifies the rights of the parties as set forth in the contract of sale." But I waive these objections as it seems to me (I say it with great deference to my associates who are of contrary opinion) very clear that the letters are not susceptible of the construction placed on them.

The first letter is that of the defendant in which he states : " I will agree that if the Court of Appeals should hold that the taxes are not a lien  *  *  *  to pay you Seven hundred and eighty-six 69/100 Dollars." Surely this proposition was to obligate the defendant to pay the money only in case of a decision of this court. The response of the plaintiff is : " My idea of the matter is this : As the decision is against Mr. Joseph, have him pay the taxes when due and I will sign an agreement to refund the money if the decision is reversed." I will assume that if this proposition had been accepted the contract might have been susceptible of the construction placed upon it by the majority of the court. The proposition, however, was not only not accepted, but expressly rejected in the reply of the defendant's counsel : " I beg to acknowledge receipt of your esteemed favor of yesterday's date, telling me that you think Mr. Joseph should pay the taxes and that you would sign an agreement to refund the money if the decision of the Second Department is reversed. *I do not think that adjustment at all correct.*" Then at the close of the letter : " I would suggest, as the most expedient way to adjust the matter, to allow Mr. Joseph to deduct the amount of the taxes from the purchase price, and Mr. Joseph who you know

is amply responsible will give a bond, and if the Court of
Appeals decides that taxes are not liens after they have been
confirmed, but something else later must take effect, that he
will pay the amount deducted from the purchase price with
interest thereon at the legal rate." The plaintiff responded :
" Replying to your favor of to-day in reference to the pay-
ment of taxes on No. 47 West 86th Street, I would say that
the way you propose is satisfactory to me." It is, therefore,
the proposition of the defendant to pay on an adverse
decision of the Court of Appeals that alone constitutes the
contract between the parties, if contract there were, and con-
cededly no such decision has been had. I wish to avoid being
misunderstood. I do not assert that under the arrangement
between the parties the defendant had the right to retain this
money simply because prior to the commencement of the
action no decision had been made by this court on the ques-
tion in dispute between them, but that the rights of the parties
to the money in controversy depend on the question whether,
as a matter of law, the taxes were or were not a lien on the
premises at the time of the delivery of the deed, a question
which the court now holds the defendant is precluded from
raising in this action.

It must also be borne in mind that the respondent expressly
charges in his complaint that the settlement effected when the
deed was delivered was made by both parties in the belief that
the *Burr* case either had been appealed or was to be appealed,
and, therefore, that when it appeared that no such appeal was
or could be taken the agreement necessarily became inoperative,
and the parties were remitted to their original rights. This
view I think entirely correct.

Since the question has not been passed on by my brethren it
is simply necessary for me to say that in my judgment, under
the charter of New York as it stood at the time of this contract,
annual taxes became a lien on real estate upon the confirmation
of the tax levy by a municipal assembly and the approval of the
mayor. The provisions of the Greater New York charter on
this subject are substantial reproductions of those in the Con-

solidation Act, and as said by the learned·trial judge and testified by the plaintiff himself, it has been the universal practice for upwards of a half a century in passing titles in the city of New York to treat taxes as a lien from the date of their confirmation. Such a practical construction ought not be lightly interfered with, but should prevail, unless it is in conflict with some judicial decision or well-established legal principle. On the contrary, the judicial decisions seem to support the custom. In *Lathers* v. *Keogh* (109 N. Y. 583) Judge GRAY said for this court: " We do not think, therefore, that an assessment or a tax exists as an incumbrance, or as a charge upon lands in the roll, within the meaning of a covenant in the deed against charges, taxes, assessments and incumbrances, until it has been confirmed and the amount thereof has been determined in the methods prescribed." Nor do I find anything in *Burr* v. *Palmer* (*supra*) to the contrary of this doctrine. The decision in that case proceeded on the ground that no specific tax had been entered against the property at the time of the delivery of the deed. It was not held that delivery of the tax rolls to the collector of taxes was necessary to create the lien. In the case before us the stipulation is that the taxes " were confirmed on the 25th day of August, 1900," but that the tax rolls were not delivered to the receiver of taxes till September 19th. If there was anything wanting at the time of the confirmation of the tax to make such taxes a lien the fact should have been shown.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and WERNER, JJ., concur for affirmance; CULLEN, J., reads dissenting opinion; HAIGHT, J., absent.

Judgment affirmed.